■ CIRANO, S.P.A., Appellant, v PANTSTUDIO LTD. et al., Respondents.

Plaintiff's failure to advise the court, in its application for a default judgment, that it had commenced a prior action in New York County involving a related controversy, that the corporate defendant had appeared in that action, and that the action was still pending, was sufficient to warrant vacating the default *(see, Oppenheimer v Westcott,* 47 NY2d 595). The fact that defendant Raffaeli's Italian counsel had learned of the default in connection with yet another action between the same or related parties in that country, over one year prior to the making of defendant's motion, is not fatal, since it has not been shown that the defendant Raffaeli himself had actual notice of the default. Further, to the extent that plaintiff contends that a corporation that fails to update its address cannot be found to have an excusable default, it has been held that "there is no per se rule that a corporation served through the Secretary of State, and which failed to update its address on file there, cannot demonstrate an 'excusable default'." *(Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 143.) Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.