■ PENNY AVENOSO, Respondent, v JAMES AVENOSO, Appellant. [698 NYS2d 301] —In an action for a divorce and ancillary relief, the defendant husband appeals from a judgment of the Supreme Court, Nassau County (Franco, J.), entered November 23, 1998, which, upon an order of the same court (Kohn, J.), dated August 24, 1998, denying his motion to vacate his default in appearing, *inter alia,* distributed the marital property. The notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion to vacate his default is granted, the order dated August 24, 1998, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The defendant moved to vacate his default in appearing in the action on the ground that, after he had been served with the summons and complaint, he and the plaintiff resided together for nearly two years, attempting reconciliation, and the plaintiff told him that she had discontinued the action. In essence, the defendant claims that his default was the result of extrinsic fraud in that the plaintiff lulled him into a false sense of security with respect to the divorce action. While it is well settled that a party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense or cause of action (CPLR 5015 [a] [1]; *see, Schorr v Schorr,* 213 AD2d 621; *Shaw v Shaw,* 97 AD2d 403), the defendant's motion was not brought under the ground of excusable default as delineated in CPLR 5015 (a) (1). Rather, his motion was brought pursuant to CPLR 5015 (a) (3), which provides that a judgment may be vacated on the ground of fraud, misrepresentation, or other misconduct upon a showing of excusable default, but without a showing that the movant has a meritorious defense or cause of action (*see, Shaw v Shaw, supra,* at 404).

In addition to the undisputed evidence that the defendant resided with the plaintiff in the marital residence for two years, the defendant contributed to the household expenses during that period, and the parties filed joint tax returns in 1995 and 1996. According to the plaintiff's testimony during the inquest, her expenses far outweighed her income. Nevertheless, she made no effort until the 1998 inquest to collect unpaid maintenance previously awarded to her by the court in 1994 as *pendente lite* relief. Furthermore, while the defendant admitted that he received notice of the inquest at some time after the service date of July 22, 1997, the proof of service indicates that the plaintiff served the papers by mail to the marital residence even though, according to the defendant, he no longer resided at that address. Notably, the record fails to indicate that the defendant received notice of the date scheduled for the inquest. There are, in addition, significant questions as to the value and ownership of several parcels of real property purportedly acquired during the marriage which were the subject of the equitable distribution made by the court.

Where, as in the present case, a defendant was properly served but, through some device, trick, or deceit, is led to believe that he or she need not defend the suit, it is appropriate to vacate a judgment obtained by default on the ground of extrinsic fraud. Under the circumstances, the Supreme Court improvidently exercised its discretion by denying the defendant's motion.

In light of our determination, we do not reach the defendant's remaining contentions. Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.