■ TERRENCE LANGE, Respondent, v FOX RUN HOMEOWNERS ASSOCIATION, INC., et al., Appellants. [7 NYS3d 334]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Putnam County (Grossman, J.), dated July 3, 2014, which denied their motion, inter alia, to vacate an order of the same court dated April 10, 2014, granting the plaintiff's motion for leave to enter a judgment against them on the issue of liability, upon their failure to appear or answer.

Ordered that the order is affirmed, with costs.

In July 2013, the plaintiff filed a summons and complaint against the defendants, with accompanying affidavits of service which indicated that each of the defendants was served, pursuant to Limited Liability Company Law § 303, via delivery of the summons and complaint to the Secretary of State on July 29, 2013. In September 2013, the plaintiff moved for summary judgment on the issue of liability, and in an order dated November 4, 2013, the motion was denied without prejudice on the ground that the plaintiff had not established that it had mailed copies of the summons and complaint to the defendants pursuant to CPLR 3215 (g) (4) and Business Corporation Law § 306 (b). Thereafter, in February 2014, the plaintiff again moved for the same relief and included a copy of the affirmation of his counsel which indicated that counsel had mailed copies of the summons and complaint to each of the defendants in December 2013. The defendants neither answered nor appeared. In an order dated April 10, 2014, the Supreme Court granted the plaintiff's motion for leave to enter a judgment on the issue of liability and ordered an inquest as to damages.

In May 2014, the defendants moved, inter alia, pursuant to CPLR 317 to vacate their default in appearing or answering the complaint. In an order dated July 3, 2014, the Supreme Court denied the defendants' motion. We affirm.

In order to obtain vacatur of a default judgment pursuant to CPLR 317, a defendant must establish that it moved to vacate

the default within one year after it obtained knowledge of entry of the judgment, that it did not receive notice of the summons in time to defend, that it did not deliberately attempt to avoid service, and that it has a potentially meritorious defense (*see* CPLR 317; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725 [1983]). The Supreme Court properly determined that the defendants' denial of receipt of the service, without more, was insufficient to rebut the presumption of proper service created by the executed affidavits of service upon the Secretary of State (*see Capital Source v AKO Med., P.C.*, 110 AD3d 1026, 1027 [2013]; *Malik v Noe*, 54 AD3d 733 [2008]; *see also Cruz v Keter Residence, LLC*, 115 AD3d 700, 701 [2014]). Accordingly, the Supreme Court properly denied the defendants' motion. Skelos, J.P., Sgroi, Maltese and Duffy, JJ., concur.