■ BANK OF NEW YORK MELLON, Formerly Known as THE BANK OF NEW YORK, on Behalf of CIT MORTGAGE LOAN TRUST 2007-1, Respondent, v CARMELLA MAROLDA et al., Defendants, CLAUDIS CAPITAL RESOURCES, LLC, Appellant, and MICHAEL FERRO et al., Intervenors-Respondents. [33 NYS3d 280]—

In an action to foreclose a mortgage, the defendant Claudis Capital Resources, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated March 28, 2014, as denied its motion (a) to vacate a judgment of foreclosure and sale of the same court dated March 15, 2010, entered upon its failure to appear or answer the complaint, (b) pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, or (c), in the alternative, in effect, for summary judgment declaring that its interest in the property is not affected by the judgment of foreclosure and sale, and granted that branch of the cross motion of the intervenors Michael Ferro, Dominique Ferro, and 13 Stewart Pl. Yonkers,

LLC, which was, in effect, for summary judgment declaring that the intervenors were bona fide purchasers of the property for value.

Ordered that the order dated March 28, 2014, is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Claudis Capital Resources, LLC, which was to vacate the judgment of foreclosure and sale, and substituting therefor a provision granting that branch of motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the intervenors Michael Ferro, Dominique Ferro, and 13 Stewart Pl. Yonkers, LLC, which was, in effect, for summary judgment declaring that the intervenors were bona fide purchasers of the property for value, and substituting therefor a provision denying that branch of the cross motion as premature, with leave to renew; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Claudis Capital Resources, LLC, payable by the plaintiff-respondent and the intervenors-respondents appearing separately and filing separate briefs.

In August 2005, the defendant Carmella Marolda obtained from Accredited Home Lenders, Inc. (hereinafter Accredited), a loan in the sum of $323,000, secured by a mortgage on the subject property. The mortgage, which was recorded on January 30, 2006, was subsequently assigned to the plaintiff.

In May 2008, the defendant 13 Stewart Place Realty, LLC, a successor in title to the subject property, obtained from the defendant Claudis Capital Resources, LLC, sued herein as Claudis Capital Resources, LLC (hereinafter Claudis), a loan in the sum of $250,000, also secured by a mortgage on the subject property. Claudis's mortgage was recorded on June 18, 2008.

On July 16, 2009, the plaintiff commenced an action in the Supreme Court, Westchester County, under index No. 15886/09, to foreclose on its mortgage (hereinafter the first foreclosure action). Five days later, on July 21, 2009, the plaintiff, represented by the same law firm, commenced the instant action, in the same court, under index No. 16240/09 (hereinafter the second foreclosure action). The parties to the second foreclosure action, as well as the factual allegations contained in the complaint, are identical in every respect to those set out in the first foreclosure action. The plaintiff asserted in the complaint in the second foreclosure action that "no other action has been commenced at law or otherwise for the recovery of the sum or any part thereof secured by the [mortgage]."

On August 14, 2009, Claudis and the plaintiff, through their respective counsel, executed a stipulation extending Claudis's time to answer "the complaint." The stipulation bore index No. 15886/09. On September 28, 2009, Claudis served the plaintiff with an answer bearing index No. 15886/09. The answer, inter alia, challenged the validity of the plaintiff's mortgage, as well as the capacity of the mortgagor. On August 24, 2011, after a period of inactivity in the first foreclosure action, Claudis filed a request to set a preliminary conference date.

Meanwhile, in the second foreclosure action, service was allegedly made upon Claudis on July 22, 2009, by personal delivery of the summons and complaint to the Secretary of State pursuant to Limited Liability Company Law § 303. Claudis did not serve the plaintiff with any answer bearing index No. 16240/09.

On February 25, 2010, the plaintiff moved in the second foreclosure action for the entry of a judgment of foreclosure and sale based, inter alia, upon representations that the defendants, including Claudis, had defaulted in answering the complaint. The copy of the summons and complaint the plaintiff submitted with its motion bore index No. 15886/09, the index number from the first foreclosure action.

A judgment of foreclosure and sale in the second foreclosure action was entered on March 15, 2010. The plaintiff sent notice of entry of the default judgment to each of the defendants, except for Claudis. The plaintiff purchased the property at a public auction for the sum of $104,178, and subsequently sold it to Michael Ferro and Dominique Ferro (hereinafter together the Ferros) for the sum of $95,000. The Ferros, in turn, conveyed title to the subject property to 13 Stewart Pl. Yonkers, LLC.

On September 9, 2013, Claudis moved, inter alia, to vacate the judgment. The Ferros and 13 Stewart Pl. Yonkers, LLC (hereinafter collectively the intervenors) cross-moved for leave to intervene and, in effect, for summary judgment declaring that they were bona fide purchasers of the property for value. The Supreme Court denied Claudis's motion and granted the intervenors' cross motion.

Under the highly unusual facts presented, including the existence of two identical and concurrently pending foreclosure actions filed by the same law firm, the conduct of the plaintiff's counsel in signing a stipulation permitting Claudis to file an answer in the first foreclosure action while at the same time pursuing a default judgment against Claudis in the second foreclosure action, and the plaintiff's failure to serve Claudis

with notice of entry of the default judgment obtained in the second foreclosure action, the Supreme Court improvidently exercised its discretion in failing to vacate the judgment of foreclosure (*see Avenoso v Avenoso*, 266 AD2d 326 [1999]; *Cirano, S.p.A. v Pantstudio Ltd.*, 179 AD2d 361 [1992]).

Claudis is not entitled, however, to dismissal of the second foreclosure action pursuant to CPLR 3211 (a) (8). In opposition to Claudis's motion, the plaintiff submitted an affidavit of service from a process server, which created a rebuttable presumption that service upon Claudis in the second foreclosure action was effected by delivery of the summons and complaint to the Secretary of State (*see* CPLR 311-a [a]; Limited Liability Company Law § 303 [a]; *Bennett v Patel Catskills, LLC*, 120 AD3d 458 [2014]; *Trini Realty Corp. v Fulton Ctr. LLC*, 53 AD3d 479 [2008]). In response, Claudis submitted an affidavit from its managing member denying service of the summons and complaint in the second foreclosure action. The mere denial of receipt of the summons and complaint, without more, is insufficient to rebut the presumption of proper service created by the service upon the Secretary of State (*see Drillman v Marsam Realty 13th Ave., LLC*, 129 AD3d 903 [2015]; *Lange v Fox Run Homeowners Assn., Inc.*, 127 AD3d 823, 824 [2015]). Further, a hearing to determine the validity of service is not required where "the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit" (*US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]). Accordingly, the Supreme Court properly denied that branch of Claudis's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.

Moreover, because the Supreme Court had jurisdiction to render the judgment of foreclosure, our decision today to vacate that judgment does not, ipso facto, require the cancellation of the deed issued in execution thereof (*cf. U.S. Bank, N.A. v Bernhardt*, 88 AD3d 871 [2011]). Whether or not the intervenors are entitled to the protection afforded by CPLR 5523 to a good faith purchaser for value remains an open question, which cannot be determined at this juncture (*cf. Marcus Dairy v Jacene Realty Corp.*, 298 AD2d 366 [2002]). Accordingly, we must deny as premature that branch of the intervenors' cross motion which was for summary judgment declaring them to be good faith purchasers for value. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.