OPINION OF THE COURT
Memorandum.
Ordered that the judgments convicting defendant of violating Village of Ocean Beach Code §§ 87-9, 87-10 and 96-1 are reversed, on the law, the accusatory instruments charging these offenses are dismissed, and the fines therefor, if paid, are remitted; and it is further, ordered that the judgment convicting defendant of violating Village of Ocean Beach Code § 127-4 (A) is reversed, on the law and as a matter of discretion in the interest of justice, and the accusatory instrument charging this offense is dismissed, and the fine therefor, if paid, is remitted.
Insofar as is relevant to this appeal, the People allege that defendant acted as a rental agent for houses located at 440 Dehnhoff Walk and 300 Cottage Walk on Fire Island, in the Village of Ocean Beach, Suffolk County, leasing these houses to groups of people for short periods of time during the summer of 2013. Defendant appeals from four separate judgments, convicting him, after a nonjury trial, of violating Village of Ocean Beach Code § 87-9 (no fire extinguisher in residential structure at 440 Dehnhoff Walk), Village of Ocean Beach Code § 87-10 (no smoke detectors in residential structure at 440 Dehnhoff Walk), Village of Ocean Beach Code § 96-1 (permitting garbage to be placed outside property at 440 Dehnhoff Walk during hours of collection other than those determined by the Board of Trustees), and Village of Ocean Beach Code § 127-4 (A) (renting a dwelling unit at 300 Cottage Walk for use or occupancy without a permit), respectively.
*24 Defendant contends that the informations charging him with the four offenses were facially insufficient, his guilt was not established beyond a reasonable doubt, the verdicts of guilt were against the weight of the evidence, he was denied due process and a fair trial, the Justice Court should have recused itself, and the applicable Village of Ocean Beach Code provisions are unconstitutionally void for vagueness.
To be facially sufficient, an information must contain non-hearsay allegations of fact of an evidentiary character which establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]; People v Pampalone, 32 Misc 3d 130[A], 2011 NY Slip Op 51311 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731), and the failure to meet these requirements may be asserted at any time, with the exception of the requirement of nonhearsay allegations, which, insofar as is relevant to this appeal, is waived if it is not timely raised by motion in the trial court (see People v Casey, 95 NY2d 354 [2000]). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that the defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360). The factual allegations of an information should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360).
The information regarding the fire extinguisher violation was facially insufficient. The instrument alleged that defendant allowed the “above residence [440 Dehnhoff Walk] to be occupied without a valid fire extinguisher on [the] premises.” However, Village of Ocean Beach Code § 87-9 provides that “[a] 11 property owners shall install and tenants or other persons using or occupying any structure for residential purposes . . . shall maintain at least one Underwriter-approved extinguisher . . . of at least two and one-half . . . pounds’ capacity which shall be replaced or recharged annually.” The information did not allege that defendant was an owner, a tenant, or an occupant of 440 Dehnhoff Walk. Nor did it allege that defendant, as an owner, failed to install a fire extinguisher, or, as a tenant *25 or occupant, failed to maintain a fire extinguisher. Thus, the information failed to allege every element of the offense. Consequently, the judgment convicting defendant of violating Village of Ocean Beach Code § 87-9 must be reversed and the accusatory instrument charging this offense dismissed.
The information regarding the smoke detector violation alleged that defendant allowed the “above residence [440 Dehn-hoff Walk] to be occupied without any smoke detectors installed on premises creating a hazardous situation.” Village of Ocean Beach Code § 87-10 provides that “[a]ll property owners shall install and tenants or other persons using or occupying any structure for residential purposes . . . shall maintain at least one Underwriter-approved smoke detector on each floor of any structure located on the property and shall maintain the same in good working order.” While the information alleged that defendant allowed the residence to be occupied without any smoke detectors installed on the premises, it did not allege that defendant was an owner, tenant, or occupant of 440 Dehn-hoff Walk. Thus, the information failed to allege every element of the offense. Consequently, the judgment convicting defendant of violating Village of Ocean Beach Code § 87-10 must be reversed and the accusatory instrument charging this offense dismissed.
The information regarding the placement of garbage at 440 Dehnhoff Walk was also facially insufficient. Defendant was charged with allowing “multiple garbage bags on the edge & adjacent to [the] public walk during restricted refuse hours of collection.” However, Village of Ocean Beach Code § 96-1 provides that “[n]o owner, lessee or occupant of private property shall place garbage, permit garbage to be placed or allow garbage to remain in place for collection except . . . between the hours to be determined and set by a resolution of the Board of Trustees.” The information did not allege that defendant was an owner, a lessee, or an occupant of 440 Dehnhoff Walk. Thus, the information failed to allege every element of the offense. Consequently, the judgment convicting defendant of violating Village of Ocean Beach Code § 96-1 must be reversed and the accusatory instrument charging this offense dismissed.
The information regarding the rental permit violation at 300 Cottage Walk alleged that defendant “was observed renting out property . . . without required rental permit to do so.” Village of Ocean Beach Code § 127-4 (A) provides that it is “unlawful to use, occupy, commercially advertise for rent, establish, *26 maintain, operate or let a dwelling unit entirely or for partial occupancy where any rent is paid or charge is made for such use or occupancy . . . without first having obtained a permit therefor.” Village of Ocean Beach Code § 127-2 defines “Use” as “any actions of any owner, operator, tenant or subtenant and/or realtor.” Thus, the information charging a violation of Village of Ocean Beach Code § 127-4 (A) alleged every element of the offense and was jurisdictionally sufficient.
Defendant’s claim that his guilt of the rental permit violation (Village of Ocean Beach Code § 127-4 [A]) was not established by legally sufficient evidence is unpreserved for appellate review, as defendant did not move to dismiss that charge at trial based on the specific ground he raises on appeal (see CPL 470.05 [2]; People v Finch, 23 NY3d 408, 414-415 [2014]; People v Gray, 86 NY2d 10, 18-21 [1995]). However, we exercise our interest of justice jurisdiction to review the sufficiency of the evidence convicting defendant of the rental permit violation. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that defendant’s guilt of the rental permit violation (Village of Ocean Beach Code § 127-4 [A]) was not established by legally sufficient evidence, as hearsay testimony that the premises at 300 Cottage Walk had been rented was excluded by the court and there was otherwise no proof that rent had been paid or a charge had been made for the use or occupancy of 300 Cottage Walk.
In light of our determination, we need not reach defendant’s remaining contentions.
Accordingly, the judgments of conviction are reversed and the accusatory instruments are dismissed.
The decision and order of this court dated February 22, 2016 (50 Misc 3d 142[A], 2016 NY Slip Op 50208[U]) are hereby recalled and vacated (see 2016 NY Slip Op 90234[U] [2016] [decided simultaneously herewith]).
Iannacci, J.P., and Tolbert, J., concur; Connolly, J., taking no part.