The People of the State of New York, Respondent,
against
Joseph Ialacci, Appellant.




Raymond Negron, for appellant.
Office of the Southampton Town Attorney (Richard M. Harris of counsel), for respondent.

Appeal from 10 judgments of the Justice Court of the Town of Southampton, Suffolk County (Barbara L. Wilson, J.), rendered December 11, 2015. The judgments convicted defendant, upon his pleas of guilty, of 10 charges of violating Town of Southampton Code § 270-5 (A).




ORDERED that the judgments of conviction are affirmed.
Defendant leased a property located in the Town of Southampton, Suffolk County. In 2015, the Town charged him, in separate accusatory instruments, with numerous violations of the Town Code with respect to the rental and maintenance of the subject property. On December 11, 2015, defendant pleaded guilty to 10 uncharged violations of Town of Southampton Code § 270-5 (A), which is a violation (see Town of Southampton Code § 220-19 [A]; Penal Law §§ 55.10 [3] [a]; 80.05 [4]), in satisfaction of the aforementioned informations, each of which had charged a class B misdemeanor, and the remaining original charges were dismissed. Town of Southampton Code § 270-5 (A), provides that "[w]here a dwelling unit is to be used as a rental property, an application for a rental permit shall be filed with the enforcement authority before [*2]the term of the rental is to commence."
At the plea proceeding, the court indicated that a fine of $8,000 would be imposed on each of nine of the charges, and a $3,000 fine would be imposed on the remaining charge, for a total of $75,000 in fines. There would be "a conditional discharge as well."
On appeal, defendant claims that the informations underlying the charges of which defendant was convicted were jurisdictionally defective because they merely charged observations of violations of the Town Code, that the allegations in the informations that criminal activity occurred are "not the only reasonable conclusion," and that the factual allegations were conclusory. Defendant also makes specific allegations regarding each information. Defendant further claims that he did not knowingly, voluntarily, or intelligently enter into his pleas because there was no discussion on the record regarding the constitutional rights he was relinquishing as a result of the pleas, and because the Justice Court did not conduct an allocution.
The People argue that the factual part of each information contains nonhearsay allegations which, if true, establish every element of the offenses charged and defendant's commission thereof. The People further argue that defendant was fully aware of the terms of his pleas, having consulted with his attorney multiple times over the course of many months. Defendant understood that he was waiving his constitutional rights, despite the lack of discussion on the record of those rights. Furthermore, the People contend that, in a case of a code violation, a formal allocution is unnecessary, particularly where a defendant has been represented from inception through conclusion by experienced defense counsel. As there was no suggestion that defendant's pleas were improvident or baseless, the pleas should be sustained despite the absence of a factual recitation. The People also contend that counsel negotiated the pleas for nearly three months and obtained for his client a significantly favorable disposition. The Justice Court orally confirmed that defendant had spoken to his attorney in depth about the pleas, and confirmed that defendant was satisfied with the service provided by his attorney.
To be facially sufficient, an information must contain nonhearsay factual allegations of an evidentiary character which establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]; People v Taffet, 54 Misc 3d 21, 24 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731), and the failure to meet those requirements may be asserted at any time, with the exception of the requirement of nonhearsay allegations, which, insofar as is relevant to this appeal, is waived upon a guilty plea (see People v Keizer, 100 NY2d 114 [2003]). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that the defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360). The factual allegations of an information should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360). Here, we find that the informations were facially sufficient.
During the allocution, defendant agreed that he had had an opportunity to speak to his attorney and was satisfied with his representation. Defendant also understood that he was pleading guilty to violations of Town of Southampton Code § 270-5 (A) and that he had spoken to his attorney in depth about the pleas. "[N]othing in the record called into question the voluntary, knowing, and intelligent nature of . . . defendant's plea" (People v Sanchez, 122 AD3d 646, 647 [2014]). 
While courts have a vital responsibility to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action, courts "need not engage in any particular litany," and the Court of Appeals has rejected a formalistic approach or a uniform mandatory catechism regarding guilty pleas (People v Conceicao, 26 NY3d 375, 382 [2015]). In addition, as defendant pleaded guilty to uncharged violations, in satisfaction of the original misdemeanor charges, and as the allocution establishes that defendant understood the charges against him, a factual basis for the pleas was not necessary (see People v Johnson, 23 NY3d 973, 975 [2014]; People v Elting, 151 AD3d 739, 740 [2017]).
Because defendant was sentenced immediately after he had pleaded guilty, the issue of whether the pleas were invalid because he did not waive his constitutional rights did not require preservation and may be reviewed on direct appeal (see People v Conceicao, 26 NY3d at 382; People v Tyrell, 22 NY3d 359, 364 [2013]). While there is no indication from the plea proceeding that the constitutional rights defendant was relinquishing were addressed by the Justice Court, defendant's counsel, or defendant, and there is nothing in the record showing that defendant had spoken with his attorney regarding the constitutional consequences of taking the pleas (see People v Crawford, 55 Misc 3d 150[A], 2017 NY Slip Op 50731[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), "[a] guilty plea is not invalid solely because the trial court failed to recite a defendant's constitutional rights under Boykin v Alabama (395 US 238 [1969]). The record as a whole, however, must affirmatively demonstrate that defendant knowingly, intelligently and voluntarily waived those rights" (People v Pellegrino, 26 NY3d 1063 [2015] [citations omitted]). 
This case was litigated for several months. During the court proceeding of December 11, 2015, there was an extensive discussion regarding the amount of the fines and the specifics as to how they were to be paid. In one of the three appeals decided in People v Conceicao, People v Perez, the "defendant filed numerous pretrial motions and actively litigated the case for six months," and therefore, the record as a whole established the defendant's understanding and waiver of his constitutional rights (Conceicao, 26 NY3d at 384). Here, based on the record as a whole, including the extended discussion of the parameters of the pleas and the fines to be imposed, we find that defendant was aware that he was waiving his constitutional rights as a result of his pleas.
Accordingly, the judgments of conviction are affirmed.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 26, 2018