Petrosino v Petrosino (2019 NY Slip Op 02733)





Petrosino v Petrosino


2019 NY Slip Op 02733


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-00562
 (Index No. 40617/93)

[*1]Louis Petrosino, respondent, 
v
Valerie Petrosino, appellant.


Howard M. File, Esq., P.C., Staten Island, NY, for appellant.
Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated September 23, 2016. The order denied the defendant's motion pursuant to CPLR 5015(a)(3) to vacate a judgment of divorce of the same court (Martin Schneier, J.) dated February 10, 1994.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for an evidentiary hearing on the issue of whether the defendant was fraudulently induced by the plaintiff into not defending the matrimonial action and to acquiesce to terms that were unconscionable or the product of fraud and overreaching, and for a new determination of the motion thereafter.
The parties were married in 1991. In 1993, the plaintiff commenced this matrimonial action, alleging constructive abandonment for a continuous period of more than one year. The plaintiff was represented by counsel in this action but the defendant was not. The defendant appeared pro se and submitted an affidavit dated October 11, 1993, in which she waived her right to answer and consented to the relief requested in the complaint, which included awarding her custody of the parties' child. However, the defendant waived submission of any statement of net worth and therefore never received disclosure generally afforded to every matrimonial litigant, and she further waived any right to equitable distribution of property. Further, although the defendant was awarded custody of the parties' child and did not waive the right to seek future child support, she did not receive an award of current child support. Moreover, it is undisputed that the defendant was residing in the marital residence in 1993, and no mention was made in her affidavit or the judgment of divorce dated February 10, 1994, of any right she may have had to continue to reside there with the parties' child.
In May 2016, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the judgment of divorce, claiming, inter alia, that she did not recall signing the affidavit and was unable to consent to the divorce in 1993 by reason of mental illness, and that the plaintiff had obtained the [*2]judgment of divorce through extrinsic fraud. The defendant submitted evidence that the parties continued to live together for almost two decades and had two additional children after the divorce, that the parties continued to file joint tax returns until at least 2009, that the plaintiff named the defendant as his "spouse" and the "primary beneficiary" on his Merrill Lynch account in 2013, that the plaintiff represented to the New York City Business Integrity Commission that the defendant was his wife in 2008, and that the parties continued to hold certain properties and bank accounts jointly and even purchased an additional property together as husband and wife in 2005. The plaintiff denied the defendant's allegations and claimed that the parties had reconciled after the divorce. The Supreme Court denied the defendant's motion without a hearing, finding that the defendant failed to clearly establish that she was mentally incompetent at the time of the matrimonial action. The defendant appeals.
Contrary to the defendant's contentions, she failed to meet her burden of demonstrating, by competent admissible evidence, that she was incapacitated in 1993 when she signed the affidavit waiving her rights to equitable distribution. Thus, the defendant failed to prove that she was incapable of protecting her rights such that the Supreme Court should have appointed a guardian ad litem for her (see Gonzalez v Cirri, 56 AD3d 425; Matter of Forte v Forte, 304 AD2d 577).
However, the defendant's motion to vacate the judgment of divorce should not have been decided without an evidentiary hearing, as there is evidence of extrinsic fraud (see Avenoso v Avenoso, 266 AD2d 326, 326; D'Alleva v D'Alleva, 127 AD2d 732, 734; Shaw v Shaw, 97 AD2d 403, 405). The defendant produced evidence indicating that the plaintiff may have led her to believe, through some device, trick, or deceit, that she did not need to defend the matrimonial action (see Avenoso v Avenoso, 266 AD2d at 327). Although there is evidence that the defendant consciously signed an affidavit waiving her right to answer the complaint, this decision should be weighed in the light of whether she was fraudulently deceived to do so, and under all of the other circumstances of the case (see D'Alleva v D'Alleva, 127 AD2d at 734-735).
The parties' remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing on the issue of whether the defendant was fraudulently induced by the plaintiff into not defending the matrimonial action and to acquiesce to terms that were unconscionable or the product of fraud and overreaching, and for a new determination of the defendant's motion thereafter.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court