Tri State Flood, Inc. v Wet Out Now Cleaning & Restoration, LLC (2021 NY Slip Op
51240(U))

[*1]

Tri State Flood, Inc. v Wet Out Now Cleaning & Restoration,
LLC

2021 NY Slip Op 51240(U) [73 Misc 3d 144(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2020-804 S C

Tri State Flood, Inc., Appellant,
against
Wet Out Now Cleaning and Restoration, LLC, Respondent.

Ivars Berzins, P.C. (Ivars Berzins of counsel), for appellant.
Soffey & Soffey, LLC, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Second District (Garrett W.
Swenson, Jr., J.), dated January 21, 2020 and, in effect, from an order of that court dated July 27,
2020. The order dated January 21, 2020 granted defendant's motion to vacate a default judgment
to the extent of setting the matter down for a traverse hearing. The order dated July 27, 2020,
following the traverse hearing, granted defendant's motion to vacate the default judgment and
dismissed the complaint.

ORDERED that the appeal from the order dated January 21, 2020 is dismissed; and it is
further,
ORDERED that the order dated July 27, 2020 is reversed, without costs, the branch of
defendant's motion seeking to vacate the default judgment pursuant to CPLR 5015 (a) (4) is
denied, and the matter is remitted to the District Court for a determination of the branch of
defendant's motion seeking to vacate the default judgment pursuant to CPLR 5015 (a) (1).
The appeal from the order dated January 21, 2020 is dismissed, as no appeal as of right lies
from an order setting a matter down for a traverse hearing to determine whether service was
proper (see UDCA 1702 [a] [2]; MY-Trade Cabinet Co., Inc. v Blancher, 55 Misc 3d 135[A], 2017
NY Slip Op 50486[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; State Farm Mut. Auto. Ins. Co. v
Omezie, 54 Misc 3d 136[A], 2017 NY Slip Op 50110[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]).
In this action for breach of contract, plaintiff served defendant, which is a limited liability
corporation, by serving process on the New York State Secretary of State (see CPLR
311-a [a]; Limited Liability Corporation Law § 303). On October 24, 2019, a default
judgment was entered against defendant in the principal sum of $8,181.07.
In November 2019, defendant moved to vacate its default on the grounds of lack of personal
jurisdiction (see CPLR 5015 [a] [4]) or, in the alternative, a reasonable excuse for its
default and a meritorious defense (see CPLR 5015 [a] [1]). In a supporting affidavit,
defendant's president and sole shareholder, John Tuseo, stated that he had first learned of the
action and the judgment when he received notice that defendant's bank accounts had been frozen.
Tuseo confirmed that defendant, as well as other entities with which Tuseo was associated, had
done business with plaintiff, but remarked that the contract upon which plaintiff sought a
recovery was against one of those other entities. Tuseo further asserted that defendant had
defenses against plaintiff's claim, including, among other things, part payment. In its opposition
to defendant's motion, plaintiff's president, Vincent Scozo, controverted Tuseo's claims with
respect to the merits of the defense, but argued that, in any event, its process server's affidavit of
service on the Secretary of State was presumptively valid, and that defendant had failed to allege
any specific facts to challenge the substance of the affidavit of service.
In its order dated January 21, 2020, the District Court granted defendant's motion to the
extent of ordering a traverse hearing and added that, in the event it determined that defendant had
been properly served, it would consider whether defendant was entitled to vacatur of the default
judgment. At the traverse hearing, plaintiff offered the affidavit of service into evidence but did
not present any testimony respecting the service of process on defendant. Following the hearing,
the court found that plaintiff had failed to establish the validity of service of the summons and
complaint, concluded that personal jurisdiction had not been obtained over defendant, and
dismissed the complaint. The sole issue plaintiff raises on appeal is whether the court erred in
setting this matter down for a traverse hearing.
A process server's affidavit of service upon the New York State Secretary of State as agent
for the service of process, pursuant to Limited Liability Company Law § 303, creates a
rebuttable presumption that service has been made (see Greenwood Realty Co. v Katz, 187 AD3d 1153, 1153 [2020];
Bank of NY Mellon v Marolda, 139
AD3d 774, 777 [2016]). The mere denial of receipt of a summons and complaint is
insufficient to rebut the presumption of proper service created by service upon the Secretary of
State (see NYCTL 2013-A Trust v Heights Houses Corp., 172 AD3d1078, 1079
[2019]; Thas v Dayrich Trading,
Inc., 78 AD3d 1163, 1164 [2010]; cf. Drillman v Marsam Realty 13th Ave., LLC, 129 AD3d 903, 903
[2015]). "In order to warrant a hearing on the issue of service, a defendant must swear to detailed
and specific facts to rebut the statements in the process server's affidavit" (Emigrant Mtge. Co., Inc. v Westervelt,
105 AD3d 896, 897 [2013]; see Bank of NY Mellon v Marolda, 139 AD3d at 777),
failing which a hearing to determine the validity of service of process is not warranted (see Deutsche Bank Natl. Trust Co. v
Quinones, 114 AD3d 719, 719 [2014]; see also Nationstar Mtge., LLC v Cohen, 185 AD3d 1039 [2020];
Washington Mut. Bank v Huggins,
140 AD3d 858 [2016]; Capital
Equity Mgt., LLC v Carrozza, 65 Misc 3d 153[A], 2019 NY Slip Op 51888[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Since, in his moving affidavit, Tuseo made only a blanket denial of receipt of service, we
[*2]conclude that the District Court erred in setting the matter
down for a traverse hearing.
We note that we do not consider any materials that are dehors the record (see Chimarios v
Duhl, 152 AD2d 508 [1989]).
Accordingly, the order dated July 27, 2020 is reversed, the branch of defendant's motion
seeking to vacate the default judgment pursuant to CPLR 5015 (a) (4) is denied, and the matter is
remitted to the District Court for a determination of the branch of defendant's motion seeking to
vacate the default judgment pursuant to CPLR 5015 (a) (1).
RUDERMAN, P.J., and VOUTSINAS, J., concur.
GARGUILO, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021