People v Lubavitch of Old Westbury, Inc. (2021 NY Slip Op 51239(U))

[*1]

People v Lubavitch of Old Westbury, Inc.

2021 NY Slip Op 51239(U) [73 Misc 3d 144(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2020-615 N CR

The People of the State of New York,
Respondent,
against
Lubavitch of Old Westbury, Inc., Appellant.

Harras Bloom & Archer LLP, (Linda S. Agnew of counsel), for appellant.
Sahn Ward PLLC, (Jon A. Ward and Joseph Bjarnson of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Old Westbury, Nassau County
(Lenard Leeds, J.), rendered March 11, 2020. The judgment convicted defendant, after a nonjury
trial, of violating sections 216-89 (A), 216-89 (C), 216-90 (A) and 216-111.2 (A) of the Code of
the Village of Old Westbury, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the fines, if paid, are
remitted and the accusatory instrument is dismissed.
Insofar as relevant to this appeal, defendant was charged in an accusatory instrument with
violating sections 216-89 (A), 216-89 (C), 216-90 (A) and 216-111.2 (A) of the Code of the
Village of Old Westbury (hereinafter Code) based on the construction of a Mikvah.[FN1]

"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Here, since defendant did not waive the right to be
prosecuted by information, the accusatory instrument must be evaluated under the standards that
govern an information (see People v
Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; see also CPL
100.15, 100.40 [1]).

An information is sufficient on its face when, among other things, allegations of the [*2]factual part of the information and/or any supporting depositions
establish, if true, the defendant's commission of the offense charged (see CPL 100.40 [1]
[c]). A review of the accusatory instrument herein reveals that there is absolutely no allegation
setting forth defendant's connection to the property in question or to the construction of the
Mikvah in question. Thus as to each count, the accusatory instrument failed to establish
defendant's commission of the particular offense charged (see CPL 100.40 [1] [c]), or
even to provide reasonable cause to believe that defendant committed the charged offenses
(see CPL 100.40 [1] [b]). Indeed, as to count one, this is particularly noteworthy because
only the persons listed in Code § 216-89 (A) are capable of committing a violation thereof.
Consequently, the accusatory instrument is jurisdictionally defective and must be dismissed (see People v Rozz, 66 Misc 3d
133[A], 2019 NY Slip Op 52116[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019];
People v Taffet, 54 Misc 3d 21,
24-25 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).

We reach no other issue.

Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.

RUDERMAN, P.J., and VOUTSINAS, J., concur.

GARGUILO, J., taking no part.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 16, 2021

Footnotes

Footnote 1: A ritual bath for purification in
accordance with Jewish law.