Loancare, a Div. of FNF Servicing, Inc. v Munoz (2025 NY Slip Op 03560)

Loancare, a Div. of FNF Servicing, Inc. v Munoz

2025 NY Slip Op 03560

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2021-08372
 (Index No. 724203/20)

[*1]Loancare, a Division of FNF Servicing, Inc., respondent, 
v
Blanca Munoz, et al., defendants; LB53, LLC, nonparty-appellant.

Charles R. Cuneo, P.C., Huntington, NY, for nonparty-appellant.
Gross Polowy, LLC, Williamsville, NY (Stephen J. Vargas, Douglas C. Weinert, and Michael Naghdi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty LB53, LLC, appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated September 14, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate an order of the same court (Duane A. Hart, J.), dated January 14, 2015, inter alia, sua sponte, dismissing the complaint, and thereupon granted the plaintiff leave to bring a new motion to serve the summons and complaint by publication, and denied, as premature, the cross-motion of nonparty LB53, LLC, among other things, pursuant to CPLR 1021 to be substituted as a defendant in place of "John Doe 1."
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2002, Pedro Ramirez (hereinafter the decedent) and the defendant Blanca Munoz acquired title as tenants in common to certain real property located in Woodside (hereinafter the subject property). In February 2004, the decedent and Munoz executed a note secured by a mortgage encumbering the subject property. The decedent died on January 5, 2010. In July 2012, the plaintiff commenced this action to foreclose the mortgage against, among others, Munoz and "John Doe 1 through 10," as the unknown heirs of the decedent's estate. In February 2013, the Supreme Court denied the plaintiff's motion for leave to serve the unknown heirs of the decedent's estate by publication.
In an order dated January 14, 2015, the Supreme Court, inter alia, sua sponte dismissed the complaint (hereinafter the dismissal order). In October 2015, the plaintiff filed a petition in the Surrogate's Court for limited letters of administration, but the letters were not issued until March 2020.
In November 2020, the plaintiff moved, among other things, to vacate the dismissal order. Nonparty LB53, LLC (hereinafter LB53), opposed the motion and cross-moved, inter alia, to be substituted as a defendant in place of "John Doe 1," representing one of the unknown heirs of the decedent's estate. LB53 contended that it was an owner of 50% the subject property pursuant to a deed from Joel Aliaga, the decedent's son. In an order dated September 14, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion, and thereupon granted the plaintiff leave to bring a new motion to serve the summons and complaint by publication, and [*2]denied, as premature, LB53's cross-motion. LB53 appeals.
"'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal'" (James B. Nutter & Co. v Heirs & Distributees of Estate of Middleton, 228 AD3d 918, 919 [internal quotation marks omitted], quoting Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682). CPLR 5015(a) provides that a court "which rendered a judgment or order may relieve a party from it upon such terms as may be just." "In addition to the specific grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment 'for sufficient reason and in the interests of substantial justice'" (HSBC Bank USA, N.A. v Trabolsi, 226 AD3d 985, 987, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). Here, there were no extraordinary circumstances that would have warranted the sua sponte dismissal of the complaint (see HSBC Bank USA, N.A. v Badalamenti, 228 AD3d 631, 632; Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 724). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate the dismissal order (see HSBC Bank USA, N.A. v Badalamenti, 228 AD3d at 632; Bank of N.Y. Mellon v Stewart, 216 AD3d at 724; see also Loeffler v Glasgow, 169 AD3d 1024, 1025; Torres v Rely On Us, Inc., 165 AD3d 731, 732).
Contrary to LB53's contention, the Supreme Court did not grant the plaintiff an extension of time to serve the summons and complaint pursuant to CPLR 306-b or permit the plaintiff to serve the summons and complaint by publication. Rather, the court granted the plaintiff leave to bring a new motion to serve the summons and complaint by publication, noting that the plaintiff must submit a recent affidavit of due diligence.
Finally, the Supreme Court providently exercised its discretion in denying, as premature, LB53's cross-motion, among other things, pursuant to CPLR 1021 to be substituted as a defendant in place of "John Doe 1" (see Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777; Bank of N.Y. Mellon v Marolda, 139 AD3d 774, 777).
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court