■ GERALD T. RIFENBURG et al., Respondents, v LIFFITON HOMES, INC., Appellant. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County,

for further proceedings in accordance with the following memorandum: Following service of the summons upon defendant corporation pursuant to section 306 of the Business Corporation Law, and the subsequent entry of a default judgment in favor of plaintiffs, Special Term denied defendant's motion, made pursuant to CPLR 5015 (subd [a]), to be relieved of its default. On appeal, defendant argues that under CPLR 317 it should be permitted to defend the action. Although it is well settled that issues raised for the first time on appeal ordinarily should not be considered (*Rice v Ritz Assoc.*, 58 NY2d 923), here both the moving and answering papers on the motion before Special Term presented factual averments which are peculiarly related to the provisions of CPLR 317 and we deem it appropriate to review the motion as having been made under that section, as well as under CPLR 5015 (subd [a], par [1]) (*Brac Constr. Corp. v Di-Com Corp.*, 51 AD2d 740).

Service upon the defendant was properly made by service of a summons with notice, in duplicate, upon the Secretary of State (Business Corporation Law, § 306). The Secretary of State mailed one copy of the process by certified mail, return receipt requested, to the defendant at the address on file with the Secretary of State. The mailing was returned "unclaimed". In its affidavit in support of its timely motion to vacate the default, defendant demonstrated a meritorious defense and stated that it never received a copy of the process. It is not disputed, however, that defendant continues to conduct business at the address filed with the Secretary of State.

A defendant's right to defend a suit when it is shown that it "did not personally receive notice of the summons in time to defend" is given strong protection by CPLR 317 without the necessity of showing excusable default (*Zuppa v Bison Drywall & Insulation Co.*, 93 AD2d 997; *Meyer v Fisher & Sons Dental Lab.*, 90 AD2d 889; *Cecelia v Colonial Sand & Stone Co.*, 85 AD2d 56). The statute was not intended, however, to permit a corporate defendant to ignore notice of certified mail and leave such mail unclaimed at the post office (see *Cascione v Acme Equip. Corp.*, 23 AD2d 49). We hold, therefore, that where a corporate defendant has received notice of certified mail in time to defend, it has effectively received notice of the summons contained in such mail (see *La Vallee v Peer*, 104 Misc 2d 943, 945) and relief should not be granted under CPLR 317. In such circumstances, the judgment should not be vacated unless defendant demonstrates that its default was excusable (CPLR 5015, subd [a], par 1).

Applying that standard, the matter must be remitted to Special Term for trial of the issue of fact as to whether defendant

received such notice of certified mail (CPLR 2218; see *National Bank v Grasso,* 79 AD2d 871). If it did not, its motion should be granted; if it did, relief may only be granted to defendant upon its showing that its default was excusable. (Appeal from order of Supreme Court, Erie County, Francis, J. — vacate default judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.