■ Bruce Henniger, Respondent, v L.B.X. Excavating, Inc., Appellant, and Rick's Fence et al., Respondents.—In an action, inter alia, to recover damages for trespass, the defendant L.B.X. Excavating Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), entered February 1, 1990, as denied its motion to be relieved of its default in answering, and to vacate so much of an order of the same court, dated August 4, 1989, as granted the plaintiff's motion for leave to enter default judgment against it.

Ordered that the order entered February 1, 1990, is reversed insofar as appealed from, with costs to the appellant, payable by the plaintiff, and the matter remitted to Supreme Court, Suffolk County, for a hearing and new determination in accordance herewith.

Upon a review of the record, we find that an issue of fact exists as to whether Peter Belli, the person designated to receive notice of the action, actually received the notice that certified mail was waiting for him at the post office. Consequently, the Supreme Court should not have decided the motion without a hearing (see, Rifenburg v Liffiton Homes, 107 AD2d 1015). Given the Secretary of State's certification of mailing, the appellant will be faced with overcoming a presumption of receipt (see, Matter of Rosa v Board of Examiners, 143 AD2d 351; Vita v Heller, 97 AD2d 464), and if it is unsuccessful in doing so its default should not be vacated (Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138; Rifenburg v Liffiton Homes, supra). The Supreme Court did not reach the issue of whether a meritorious defense had been demonstrated. We express no opinion thereon, and we leave that determination to the hearing court (see, Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693). Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.