■ LINDA GOLDING et al., Plaintiffs, and JULIA SHORTER, Proposed Plaintiff-Intervenor-Respondent, v MICHAEL DOWLING, Respondent, and FOOTHILL MOUNTAIN, INC., Proposed Defendant-Intervenor-Appellant. (Action No. 1.) LINDA GOLDING et al., Plaintiffs, and LINDA KELLY, Proposed Plaintiff-Intervenor-Respondent, v MICHAEL DOWLING, Respondent, and DOMINIC CONTE, Proposed Defendant-Intervenor-Appellant. (Action No. 2.) [662 NYS2d 102] —In two related actions to compel the defendant Commissioner of the New York State Department of Social Services to pay certain rent benefits, (1) proposed defendant-intervenor Foothill Mountain, Inc., appeals from an order of the Supreme Court, Nassau County (Segal, J.), entered June 20, 1996, which denied its motion to enforce a stipulation, dated December 27, 1995, against the defendant Commissioner of the New York State Department of Social Services, and (2) Dominic Conte separately appeals from an order of the same court, entered May 19, 1995, which granted his motion to enforce a stipulation, dated April 12, 1993, only to the extent of directing the defendant Commissioner of the New

York State Department of Social Services to pay him rent arrears for the months in which his tenant, Linda Kelly, occupied the premises and was eligible for public assistance benefits.

Ordered that the orders are affirmed, with one bill of costs payable by the appellants to the defendant Commissioner of the New York State Department of Social Services.

Contrary to the appellants' contention, the defendant Commissioner of the New York State Department of Social Services and the Nassau County Department of Social Services are not bound under stipulations to which they are not parties (see, CPLR 2104) to notify the appellants of the tenants' change in public assistance eligibility. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.