ABRAHAM ELLIOT KATZ, Respondent, v ARI E. PERL et al., Appellants. [803 NYS2d 696]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated December 7, 2004, which denied their motion to vacate a judgment of the same court entered

September 22, 2004, upon their default in appearing and answering, and to compel the plaintiff to accept their late answer.

Ordered that the order is affirmed, with costs.

The instant action by a passenger to recover damages for personal injuries sustained in an automobile accident was commenced in July 2001. By notice of motion dated February 18, 2002, the plaintiff moved for leave to enter a default judgment upon the defendants' default in appearing and answering. The motion was granted without opposition by order dated April 23, 2002, and entered May 8, 2002.

On April 25, 2002 the defendants served a late answer by mail. The plaintiff rejected the answer by letter dated May 3, 2002, stating that a "default judgment" had been "entered."

After an inquest on August 18, 2004, at which the defendants did not appear, a default judgment was entered on September 22, 2004. Thereafter, in November 2004 the defendants moved to vacate the default judgment and to compel the plaintiff to accept their late answer, alleging, as an excuse for their default, that the plaintiff's complaint had been misdirected to the wrong office. The defendant Ari E. Perl submitted an affidavit stating he was not at fault in the happening of the accident on the ground that his "steering wheel completely locked."

The Supreme Court denied the defendants' motion. We affirm. In view of the extent of the delay and the defendants' repeated defaults, the denial of the defendants' motion was a provident exercise of discretion.

The defendants contend that the untimeliness of the answer constituted a "defect in form" pursuant to CPLR 2101 (f), which was "deemed" waived by the plaintiff's alleged failure to timely return it to the defendants (see Celleri v Pabon, 299 AD2d 385 [2002]). This contention is without merit. Once the plaintiff made his motion for leave to enter a default judgment, he made his objection to the defendants' failure to serve a timely answer, brought that objection to the attention of the parties and the court, and could no longer be "deemed" to have waived that objection. Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.