■ IRVING HOSTEN, Appellant, v DELE OLADAPO, Respondent. [844 NYS2d 417]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated March 21, 2007, which denied his motion for leave to enter judgment against the defendant upon his default in appearing or answering and to set the matter down for an inquest on the issue of damages and deemed the defendant's answer timely filed and served.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof deeming the answer timely filed and served, and (2) by adding the words "with leave to renew on proper papers" following the words "[p]laintiffs' motion for a default judgment is hereby denied"; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment since he failed to submit an affidavit or a complaint verified by a party with personal knowledge of the facts constituting the claim (*see* CPLR 3215 [f]; *Taebong Choi v JKS Dry Cleaning Equip. Corp.*, 15 AD3d 566 [2005]; *Fiorino v Yung Poon Yung*, 281 AD2d 513 [2001]; *Finnegan v Sheahan*, 269 AD2d 491 [2000]; *Henriquez v Purins*, 245 AD2d 337 [1997]).

Although the plaintiff failed to demonstrate his entitlement to a default judgment, the court erred in deeming the defendant's answer timely filed and served in the absence of a cross motion for this relief and without the necessary showing of a reasonable excuse for the default and a meritorious defense (*see* CPLR 2215; *Giovanelli v Rivera*, 23 AD3d 616 [2005]; *Zino v Joab Taxi, Inc.*, 20 AD3d 521, 522 [2005]; *Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556, 557 [2005]; *Hazim v Winter*, 234 AD2d 422 [1996]). Furthermore, contrary to the

defendant's contention, the plaintiff did not waive the issue of the late service of the answer and the default when he failed to reject the answer in a timely manner. Since the plaintiff notified the defendant that he was in default and made a motion for leave to enter a default judgment prior to the service of an answer, the plaintiff could not be deemed to have thereafter waived the late service and the default (*see Katz v Perl*, 22 AD3d 806 [2005]). Accordingly, the Supreme Court should not have deemed the answer timely filed and served. The plaintiff may renew his motion for leave to enter a default judgment on proper papers in accordance herewith. Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.