■ TRINI REALTY CORP., Respondent, v FULTON CENTER LLC, Appellant. [861 NYS2d 743]—

In an action, inter alia, to recover on a promissory note, the defendant appeals from a judgment of the Supreme Court, Kings County (Hurkin-Torres, J.), dated May 11, 2007, which, upon an order of the same court dated December 22, 2006, in effect, granting the plaintiff's motion pursuant to CPLR 3215 for leave to enter judgment against it upon its default in appearing or answering the complaint, is in favor of the plaintiff and against it in the principal sum of $346,000.

Ordered that the judgment is affirmed, with costs.

In support of its motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant upon its default in appearing or in answering the complaint, the plaintiff presented a process server's affidavit that was sufficient to create a presumption that service upon the defendant was effected by delivery of the summons and the verified complaint to the Secretary of State (*see* CPLR 311-a [a]; Limited Liability Company Law § 303 [a]; *Engel v Lichterman*, 62 NY2d 943, 944-945 [1984]; *Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *Nichols v Richmond Ambulance Serv.*, 259 AD2d 741 [1999]). In addition, the plaintiff submitted proof of the facts constituting the claim and the default (*see* CPLR 3215 [f]; *Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d 649 [2006]; *599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]; *Giovanelli v Rivera*, 23 AD3d 616 [2005]).

In opposing the plaintiff's motion, the defendant contended that it did not receive notice of the summons in time to defend, and that it had a meritorious defense (*see* CPLR 317; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725 [1983]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]; *Samet v Bedford Flushing*

*Holding Corp.*, 299 AD2d 404, 405 [2002]). The defendant, however, did not contend that the address on file with the Secretary of State was incorrect, and the mere denial of receipt of the summons and the complaint was insufficient to rebut the presumption of proper service created by the affidavit of service (*see Commissioners of State Ins. Fund v Nobre, Inc.*, 29 AD3d 511 [2006]; *Truscello v Olympia Constr.*, 294 AD2d 350 [2002]; *De La Barrera v Handler*, 290 AD2d 476 [2002]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.