*589 On June 14, 2003, two police officers, one of whom was plaintiff Liam Blainey, were pursuing a fleeing suspect in the Bronx. The officers located the suspect lying, apparently injured, on the Metro North railroad tracks running through a sunken trench in the middle of Park Avenue, to the south of the bridge by which East 187th Street traversed the Metro North right-of-way. Intending to rescue the suspect, plaintiff and his partner planned to climb over the chain-link fence on the southern side of the East 187th Street bridge, then to make their way along the ledge on the other side of the fence until they found a place where they could safely descend to the tracks. Plaintiff climbed up the fence on the bridge first. Unfortunately, when he reached the top of the fence, it collapsed beneath him and he fell to the tracks approximately 40 feet below.
In this action, plaintiff asserted a claim against the City of New York, which owned the bridge and the fence from which he fell, based on General Municipal Law § 205-e, which affords a police officer a cause of action against a municipality for line-of-duty injuries resulting from the municipality’s failure to comply with a statute or regulation. Plaintiff’s theory, on which the case was submitted to the jury, was that the City’s alleged failure to maintain the fence in good condition violated former section 26-235 of the Administrative Code of the City of New York.[1] In unsuccessfully moving for a trial order of dismissal, for a directed verdict, and for judgment notwithstanding the verdict, the City argued that section 26-235 did not apply because “[t]he content of that code refers to buildings throughout it and not to fences on overpasses,” and that section 26-235 “was not intended to apply to metal chain link fences, designed to deter individuals on bridge overpasses.” On the City’s appeal from the judgment plaintiff recovered against it, we reverse, grant the motion for judgment notwithstanding the verdict, and dismiss the complaint.
*590 Since former Administrative Code § 26-235 is the only statute or regulation that plaintiff has identified as the basis of his claim against defendant City of New York under General Municipal Law § 205-e, and plaintiff cannot prevail against the City without “identify[ing] [a] statute or ordinance with which the [City] failed to comply” (Williams v City of New York, 2 NY3d 352, 363 [2004]), the judgment must be reversed if section 26-235 did not govern the City’s duties with respect to the fence on the bridge from which plaintiff fell. That section 26-235 did not apply to the fence on the bridge is established by former Administrative Code § 26-205, which (as in effect on the date of the accident) provided that the subchapter containing section 26-235 did not “apply ... to bridges ... or to structures appurtenant thereto.” Plaintiffs argument that former section 26-205 did not render former section 26-235 inapplicable to the fence on the bridge is entirely without merit. Accordingly, plaintiffs judgment cannot be sustained.
Plaintiff contends that the City’s argument for the inapplicability of section 26-235 is unpreserved because the City failed to cite section 26-205 in support of its position in the trial court. However, the City did raise before the trial court the precise issue it raises on this appeal, thereby discharging its responsibility to make “arguments . . . sufficient to alert Supreme Court to the relevant question” (Geraci v Probst, 15 NY3d 336, 342 [2010]). The failure to cite section 26-205 in the trial court, while regrettable, does not render the issue unpreserved, inasmuch as the citation of section 26-205 on appeal changes neither the theory behind the City’s position nor the relief it seeks. To be sure, it would have been far preferable for the City to have brought the dispositive statute to the trial court’s attention. Nonetheless, a litigant’s failure to cite a particular supporting authority when arguing for a position in the trial court does not preclude the litigant’s reliance on that authority when arguing for the very same position on appeal.[2] In any event, even if the City could somehow be deemed to have failed to preserve the issue of section 26-235’s inapplicability to a fence on a bridge, the issue would nonetheless be reviewable on appeal because it is a purely legal one appearing on the face of the record that plaintiff could not have avoided had it been raised at the proper juncture (as it in fact was) (see Chateau *591 D’If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
While we sympathize with plaintiff, who indisputably suffered serious injuries in the course of performing his duties as a police officer, General Municipal Law § 205-e precludes his recovering from the City because there is no connection between his injuries and the City’s violation of any statute or regulation. Inasmuch as this Court is bound to give effect to the requirements of section 205-e, we have no choice but to reverse the judgment against the City. Concur — Andrias, J.E, Friedman, Acosta, Freedman and Richter, JJ.

. The relevant sections of the Administrative Code are those that were in effect on the date of plaintiffs accident. Former Administrative Code § 26-235 provided in pertinent part: “Any structure or part of a structure or premisesthat from any cause may at any time become dangerous or unsafe, structurally or as a fire hazard, or dangerous or detrimental to human life, health or morals, shall be taken down and removed or made safe and secure.” Former Administrative Code § 27-232 defined the term “structure” to include “fences.”

. In a comparable situation, it has been held that the denial of relief sought pursuant to the wrong statute in the trial court may be reviewed on appeal under the standards of the appropriate statute where the record affords a basis for so doing (see Perez v Jordan, 37 AD3d 200, 203 [1st Dept 2007], citing Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]; Rifenburg v Liffiton Homes, 107 AD2d 1015, 1016 [4th Dept 1985]).