■ DANIEL H. BENNETT et al., Appellants, v PATEL CATSKILLS, LLC, Respondent. [990 NYS2d 594]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Rosa, J.), dated January 30, 2013, which denied their motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability against the defendant upon its failure to appear or answer the complaint, and granted the defendant's cross motion pursuant to CPLR 3012 (d) to compel them to accept service of the answer.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for a hearing on the issue of whether the defendant received notice of the certified mail sent to it by the New York Secretary of State, and thereafter, for a new determination of the plaintiffs' motion for leave to enter a default judgment on the issue of liability against the defendant, and of the defendant's cross motion pursuant to CPLR 3012 (d) to compel the plaintiffs to accept service of the answer.

The process server's affidavit of service created a rebuttable presumption that the plaintiffs served the defendant by delivering a copy of the summons and complaint to the Secretary of State (see CPLR 311-a [a]; Limited Liability Company Law § 303; Kolonkowski v Daily News, L.P., 94 AD3d 704, 705 [2012]; Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1164 [2010]; Trini Realty Corp. v Fulton Ctr. LLC, 53 AD3d 479 [2008]). In opposition, the defendant denied receipt of the summons and complaint. The fact that the summons and complaint, which had been sent by certified mail, return receipt requested, to the address on file with the New York Secretary of State, had been returned to the Secretary of State as "unclaimed," raised a triable issue of fact as to whether the defendant received notice of the certified mail sent to it by the Secretary of State, and the matter must be remitted for a hearing and new determination

of that issue and of the motion and cross motion (*see Avila v Distinctive Dev. Co., LLC*, 120 AD3d 449 [2014] [decided herewith]; *Henniger v L.B.X. Excavating*, 176 AD2d 917, 918 [1991]; *Rodriguez v Bridge Realty*, 155 AD2d 271, 272 [1989]; *Rifenburg v Liffiton Homes*, 107 AD2d 1015, 1016 [1985]).

Contrary to the defendant's contention, the plaintiffs did not waive the issue of the late service of the answer and the alleged default when they failed to reject the answer in a timely manner. Since the plaintiffs notified the defendant that it was in default prior to service of an answer and promptly moved for leave to enter a default judgment after receiving the answer, the plaintiffs could not be deemed to have thereafter waived the issue of late service and the alleged default (*see Hosten v Oladapo*, 44 AD3d 1006, 1007 [2007]; *Katz v Perl*, 22 AD3d 806, 807 [2005]). Mastro, J.P., Hall, Austin, Sgroi and Duffy, JJ., concur.