■ IDA DRILLMAN, Appellant, v MARSAM REALTY 13TH AVENUE, LLC, Respondent, et al., Defendant. [13 NYS3d 126]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Toussaint, J.), dated May 28, 2014, which granted the motion of the defendant Marsam 13th Realty Avenue, LLC, to vacate a judgment of the same court dated October 1, 2013, entered upon its failure to appear or answer, and for leave to serve an answer.

Ordered that the order dated May 28, 2014, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the defendant Marsam 13th Realty Avenue, LLC, received notice of the certified mail sent to it by the New York Secretary of State, and thereafter, for a new determination of the motion of the defendant Marsam 13th Realty Avenue, LLC, to vacate the judgment dated October 1, 2013, and for leave to serve an answer.

The process server's affidavit of service established that service of process upon the New York Secretary of State as agent for the defendant Marsam 13th Realty Avenue, LLC (hereinafter Marsam), constituted valid service pursuant to Limited Liability Company Law § 303 (a) (*see* CPLR 311-a [a]; *Bennett v Patel Catskills, LLC*, 120 AD3d 458 [2014]; *Trini Realty Corp. v Fulton Ctr. LLC*, 53 AD3d 479 [2008]; *Union Indem Ins. Co. of N.Y. v 10-01 50th Ave. Realty Corp.*, 102 AD2d 727, 728 [1984]). Marsam's mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by service upon the Secretary of State (*see Thas v Dayrich Trading, Inc.*, 78 AD3d 1163, 1164 [2010]; *Gartner v Unified Windows, Doors & Siding, Inc.*, 71 AD3d 631, 632 [2010]; *Coyle v Mayer Realty Corp.*, 54 AD3d 713 [2008]). Therefore, Marsam was not entitled to relief pursuant to CPLR 5015 (a) (4).

However, the record demonstrates that Marsam did not personally receive notice of the summons and complaint in time to defend the action and had a potentially meritorious defense (*see* CPLR 317, 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-143 [1986]). The fact that the summons and complaint, which had been sent by certified mail, return receipt requested, to the address on file with

the Secretary of State, had been returned to the Secretary of State as "unclaimed," raised an issue of fact as to whether Marsam received notice of the certified mail sent to it by the Secretary of State. Thus, the matter must be remitted to the Supreme Court, Kings County, for a hearing and a new determination of that issue and of Marsam's motion to vacate the judgment and for leave to serve an answer (*see Bennett v Patel Catskills, LLC*, 120 AD3d 458 [2014]; *Avila v Distinctive Dev. Co., LLC*, 120 AD3d 449, 450 [2014]; *Henniger v L.B.X. Excavating*, 176 AD2d 917, 918 [1991]). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.