Biskra, Inc. v U.S. Bank N.A. (2021 NY Slip Op 04744)





Biskra, Inc. v U.S. Bank N.A.


2021 NY Slip Op 04744


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-12477
 (Index No. 702505/19)

[*1]Biskra, Inc., appellant, 
v
U.S. Bank National Association, etc., respondent.


Fadullon Dizon Krul, LLP, Jericho, NY (Alexander Krul and Juan Paolo F. Dizon of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 23, 2019. The order denied the plaintiff's motion for leave to enter a default judgment and granted the defendant's cross motion to vacate its default in answering the complaint and to extend its time to answer.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the defendant's cross motion to vacate its default in answering the complaint and to extend its time to answer is denied, and the plaintiff's motion for leave to enter a default judgment is granted.
On April 6, 2006, nonparty Seeram Singh executed a note in the sum of $344,000 in favor of nonparty SouthStar Funding, LLC, which was secured by a mortgage on property owned at that time by Singh (hereinafter the property). In August 2009, the defendant, as the alleged holder of the note, commenced an action to foreclose the mortgage (hereinafter the foreclosure action). The plaintiff became the owner of the property on or about December 24, 2014. In an order entered May 5, 2015, the Supreme Court directed dismissal of the foreclosure action on the ground that the defendant failed to comply with the terms of a status conference order.
In February 2019, the plaintiff commenced this action to cancel and discharge of record the mortgage. The defendant was served on March 5, 2019, and failed to timely answer the complaint. On or about July 25, 2019, the plaintiff moved for leave to enter a default judgment in the instant action. On September 18, 2019, the defendant cross-moved to vacate its default in answering the complaint and to extend its time to answer. In an order entered October 23, 2019, the Supreme Court granted the defendant's cross motion, determining that the defendant offered a reasonable excuse for its default based upon law office failure, and denied the plaintiff's motion for leave to enter a default judgment. The plaintiff appeals.
"A defendant seeking to vacate a default in answering a complaint on the basis of excusable default (see CPLR 5015[a][1]) and to compel the plaintiff to accept an untimely answer (see CPLR 3012[d]) must show both a reasonable excuse for the default and the existence of a [*2]potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893; see Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566). While "'[l]aw office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion'" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774, quoting Nwauwa v Mamos, 53 AD3d 646, 649), "'mere neglect is not a reasonable excuse'" (Torres v Rely On Us, Inc., 165 AD3d 731, 733, quoting Ki Tae Kim v Bishop, 156 AD3d 776, 777). Here, the defendant failed to provide a reasonable excuse for its default in answering the complaint based upon its neglect in appointing an attorney until several months after the default (see U.S. Bank N.A. v Crawford, 174 AD3d 762, 763). In light of the defendant's failure to establish a reasonable excuse for the default, we need not consider whether the defendant established a potentially meritorious defense (see LaSalle Bank, NA v Bernard, 184 AD3d 816, 816; Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 999).
"'On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default'" (Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1008, quoting L & Z Masonry Corp. v Mose, 167 AD3d 728, 729). "'Given that in default proceedings the defendant has failed to appear and the plaintiff does not have the benefit of discovery,' the plaintiff's proof 'need only allege enough facts to enable a court to determine that a viable cause of action exists'" (Bank of N.Y. Mellon v Van Roten, 181 AD3d 549, 550, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71). Here, the plaintiff submitted sufficient proof to make this showing.
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendant's cross motion to vacate its default in answering the complaint and to extend its time to answer and granted the plaintiff's motion for leave to enter a default judgment.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court