Saminion v 581-583 Realty, LLC (2022 NY Slip Op 00889)





Saminion v 581-583 Realty, LLC


2022 NY Slip Op 00889


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-03903
 (Index No. 9802/14)

[*1]Juan Luis Sanchez Saminion, plaintiff,
v
581-583 Realty, LLC, et al., appellants, Aqua Physical Therapy, P.C., et al., respondents (and a third-party action).


Miller Leiby & Associates, P.C., New York, NY (Jeffrey Miller of counsel), for appellants.
White & McSpedon, P.C., New York, NY (Joseph W. Sands of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 581-583 Realty, LLC, and 2412 Church, LLC, appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 16, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendants 581-583 Realty, LLC, and 2412 Church, LLC, which was for summary judgment on their cross claims for contractual indemnification asserted against the defendants Aqua Physical Therapy, P.C., and Saif U. Din and granted that branch of the cross motion of the defendants Aqua Physical Therapy, P.C., and Saif U. Din which was, in effect, to vacate an order of the same court (Johnny Lee Baynes, J.) dated February 18, 2015, granting the motion of the defendants 581-583 Realty, LLC, and 2412 Church, LLC, for leave to enter a default judgment against the defendant Aqua Physical Therapy, P.C., and so much of an order of the same court (Bernard J. Graham, J.) dated October 15, 2015, as granted the motion of the defendants 581-583 Realty, LLC, and 2412 Church, LLC, for leave to enter a default judgment against the defendant Saif U. Din.
ORDERED that the order dated January 16, 2019, is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants 581-583 Realty, LLC, and 2412 Church, LLC, which was for summary judgment on their cross claim for contractual indemnification asserted against the defendant Saif U. Din, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendants Aqua Physical Therapy, P.C., and Saif U. Din which was, in effect, to vacate an order of the same court dated February 18, 2015, granting the motion of the defendants 581-583 Realty, LLC, and 2412 Church, LLC, for leave to enter a default judgment against the defendant Aqua Physical Therapy, P.C., and so much of an order of the same court dated October 15, 2015, as granted the motion of the defendants 581-583 Realty, LLC, and 2412 Church, LLC, for leave to enter a default judgment against the defendant Saif U. Din, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants 581-583 Realty, LLC, and 2412 Church, LLC.
In July 2014, the plaintiff commenced this action to recover damages for personal injuries he alleged that he sustained when he fell on a sidewalk adjacent to premises owned by the defendant 581-583 Realty, LLC, and managed by the defendant 2412 Church, LLC (hereinafter together the Realty defendants). The plaintiff alleged, inter alia, that the defendant Aqua Physical Therapy, P.C. (hereinafter Aqua), leased the premises from the Realty defendants. As is relevant to the appeal, the Realty defendants answered the complaint and asserted cross claims against Aqua, including one for contractual indemnification, alleging, among other things, that at the time of the plaintiff's injury, Aqua leased the premises. The plaintiff then amended the complaint, inter alia, to assert causes of action against the defendant Saif U. Din (hereinafter together with Aqua, the tenants), alleging that Din also leased the premises. The Realty defendants thereafter also asserted cross claims against Din, including one for contractual indemnification alleging, among other things, that at the time of the plaintiff's injury, Din leased the premises.
The tenants failed to answer either the plaintiff's complaint, the amended complaint, or the Realty defendants' cross claims. In three separate orders, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against Aqua; granted the Realty defendants' motion for leave to enter a default judgment against Aqua; and granted the separate motions of the plaintiff and the Realty defendants for leave to enter default judgments against Din, respectively (hereinafter the first through third orders on default, respectively).
Thereafter, the plaintiff and the tenants entered into a stipulation in July 2016 to vacate the first and third orders on default; the Supreme Court then so-ordered the stipulation (hereinafter the so-ordered stipulation). The Realty defendants were not a party to the so-ordered stipulation.
The tenants thereafter answered the amended complaint. The tenants failed to respond to the Realty defendants' cross claims but nonetheless served cross claims against them. The Realty defendants then moved, inter alia, for summary judgment on their cross claims for contractual indemnification asserted against each of the tenants. The tenants cross-moved, among other things, in effect, to vacate the second order on default and the provision of the third order on default granting the Realty defendants' motion for leave to enter a default judgment against Din. As is relevant to this appeal, in an order dated January 16, 2019, the Supreme Court granted that branch of the tenants' cross motion and denied that branch of the Realty defendants' motion which was for summary judgment on their cross claim asserted against the tenants for contractual indemnification. The Realty defendants appeal.
Although stipulations are judicially favored and not lightly set aside (see Hallock v State of New York, 64 NY2d 224, 230; Doppelt v Doppelt, 215 AD2d 715, 715), a stipulation is enforceable only where a party or its agent has assented to it in writing or agreed to it orally in open court (see CPLR 2104; Andre-Long v Verizon Corp., 31 AD3d 353, 354; Golding v Dowling, 242 AD2d 601, 602). Here, the record contains no evidence that the Realty defendants agreed, orally or in writing, to vacate the order granting their motion for leave to enter a default judgment against Din. Moreover, taken as a whole, the language of the stipulation indicates that it relates only to the orders granting the plaintiff's motions for leave to enter the default judgments.
A party seeking relief from a default judgment must demonstrate a reasonable excuse for its default and a potentially meritorious defense to the action (see CPLR 5015[a][1]; Biskra, Inc. v U.S. Bank N.A., 197 AD3d 688, 688-689; Elderco, Inc. v Kneski & Sons, Inc., 183 AD3d 703, 703). Here, since the tenants proffered no excuse for their default and made no attempt to demonstrate a potentially meritorious defense, the Supreme Court should have denied that branch of their motion which was, in effect, to vacate the second order on default and the provision of the third order on default granting the Realty defendants' motion for leave to enter a default judgment against Din (see Biskra, Inc. v U.S. Bank N.A., 197 AD3d at 689; Elderco, Inc. v Kneski & Sons, Inc., 183 AD3d at 703).
Contrary to the tenants' contention, the Realty defendants' failure to reject the [*2]tenants' answer did not result in a waiver of their right to enforce the default judgments they had obtained against them (see Bennett v Patel Catskills, LLC, 120 AD3d 458, 459; Katz v Perl, 22 AD3d 806, 807). Here, the Realty defendants notified the tenants that they were in default and moved for leave to enter default judgments against each. Thus, the Realty defendants did not waive the issue of late service, even though they did not reject the tenants' subsequent answer, which was not served until after the Realty defendants' motions for leave to enter the default judgments had been granted (see Bennett v Patel Catskills, LLC, 120 AD3d at 459; Katz v Perl, 22 AD3d at 807).
The Supreme Court should have granted the Realty defendants' motion for summary judgment on their cross claim seeking contractual indemnification against Din (see Bilska v Truszkowski, 171 AD3d 685, 687; see also Kumar v PI Assoc., LLC, 125 AD3d 609, 612). A party obtaining a default judgment must proffer evidence supporting its claim for damages (see Rawlings v Gillert, 104 AD3d 929, 931; Suburban Graphics Supply Corp. v Nagle, 5 AD3d 663, 665-666). Here, the Realty defendants established, prima facie, that the lease between 581-583 Realty, LLC, and Din obligated Din, inter alia, to maintain and repair the sidewalk and to share the cost of such repairs with 581-583 Realty, LLC, and to indemnify 581-583 Realty, LLC, for personal injury claims arising from Din's use of the premises. Since the Realty defendants met their burden and Din was precluded from proffering evidence to refute the Realty defendants' evidence due to his default (see Rawlings v Gillert, 104 AD3d at 931), the Realty defendants' motion should have been granted as to their contractual indemnification cross claim against Din. However, since Aqua was not a party to the lease, the court properly denied the branch of the Realty defendants' motion which was for summary judgment on their contractual indemnification cross claim against Aqua (see generally Hooper Assoc. v AGS Computers, 74 NY2d 487, 491).
The tenants' remaining contention is without merit.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court