Cartessa Aesthetics, LLC v Demko (2023 NY Slip Op 03328)

Cartessa Aesthetics, LLC v Demko

2023 NY Slip Op 03328

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06580
 (Index No. 621583/19)

[*1]Cartessa Aesthetics, LLC, etc., respondent,
v
Steven Demko, etc., appellant.

Gordon Rees Scully Mansukhani, LLP, Harrison, NY (Allyson A. Avila and Patrick J. Welch of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York, NY (David G. Keyko and Chris Fennell of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), entered July 13, 2020. The judgment, upon an order of the same court dated June 16, 2020, granting the plaintiff's motion for leave to enter a default judgment, is in favor of the plaintiff and against the defendant in the principal sum of $314,025.
ORDERED that the judgment is affirmed, with costs.
Pursuant to CPLR 3215(f), "[a]n applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (Countrywide Home Loans Servicing, L.P. v Vorobyov, 188 AD3d 803, 806 [internal quotation marks omitted]; see Global Liberty Ins. Co. v Haar Orthopaedics & Sports Med., P.C., 170 AD3d 1125, 1126; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). To demonstrate the facts constituting the claim, the movant need only submit sufficient proof to enable a court to determine that a viable cause of action exists (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; Fried v Jacob Holding, Inc., 110 AD3d at 60; Neuman v Zurich N. Am., 36 AD3d 601, 602).
"In order to successfully oppose a motion for leave to enter a default judgment, a defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense to the action" (Maldonado v Mosquera, 186 AD3d 1352, 1353). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits. The determination of what constitutes a reasonable excuse lies within the discretion of the [motion] court" (Nowakowski v Stages, 179 AD3d 822, 823-824 [citations and internal quotation marks omitted]). Where the defendant fails to demonstrate a reasonable excuse for its default, the court need not consider whether the defendant possesses a potentially meritorious defense to the action (see OneWest Bank v Schiffman, 175 AD3d 1543, 1545). "[D]efaulters are deemed to have admitted all [*2]factual allegations contained in the complaint and all reasonable inferences that flow from them" (Rosenzweig v Gubner, 194 AD3d 1086, 1088 [internal quotation marks omitted]; see Lancer Ins. Co. v Fishkin, 211 AD3d 719, 720-721).
Here, in support of its motion for leave to enter a default judgment, the plaintiff submitted proper proof of service of the summons and complaint, proof of the facts constituting the claim, to wit, the defendant's breach of certain purchase contracts, and the defendant's failure to answer or appear in the action (see Countrywide Home Loans Servicing, L.P. v Vorobyov, 188 AD3d at 806). The Supreme Court providently exercised its discretion in rejecting the defendant's assertion, made in opposition to the motion, that he had a reasonable excuse for the delay in answering the complaint. The defendant's stated reason for the default in answering or appearing in the action in a timely manner—that he was not properly served—is contrary to the record. Since the defendant failed to meet his burden of establishing a reasonable excuse for the default, we need not consider whether he demonstrated a potentially meritorious defense to the action (see OneWest Bank v Schiffman, 175 AD3d at 1545).
Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to enter a default judgment.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court