Bachvarov v Khaimov (2024 NY Slip Op 00753)

Bachvarov v Khaimov

2024 NY Slip Op 00753

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-08588
 (Index No. 528045/21)

[*1]Petar Bachvarov, appellant, 
v
Gavriil (Greg) Khaimov, etc., et al., defendants, Foot and Ankle Center of Fort Lee, LLC, respondent.

Harry I. Katz, P.C., Fresh Meadows, NY, for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Alexandra R. Gil of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated September 12, 2022. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant Foot and Ankle Center of Fort Lee, LLC.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for leave to enter a default judgment against the defendant Foot and Ankle Center of Fort Lee, LLC, is granted.
On November 2, 2021, the plaintiff commenced this action against the defendant Foot and Ankle Center of Fort Lee, LLC (hereinafter FAC), among others, asserting causes of action to recover damages for medical malpractice and lack of informed consent. The plaintiff alleged, in sum, that certain of FAC's employees had misdiagnosed and improperly treated a condition of the plaintiff's right foot in 2019. On November 23, 2021, FAC was served pursuant to Limited Liability Company Law § 303 by delivery of the summons and complaint to the Secretary of State. The plaintiff sent an additional copy of the pleadings by mail to FAC's address for service listed with the Secretary of State. FAC failed to appear or answer the complaint, and on January 14, 2022, the plaintiff moved for leave to enter a default judgment against FAC. On January 24, 2022, FAC interposed an untimely answer. Thereafter, FAC opposed the motion, relying, in effect, upon CPLR 5015(a)(1) and 317. In an order dated September 12, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals, and we reverse.
"Pursuant to CPLR 3215, a plaintiff moving for leave to enter a default judgment must file proof of: (1) service of the summons and the complaint, (2) the facts constituting the claim, and (3) default by the defendant" (Rosenzweig v Gubner, 194 AD3d 1086, 1088; see CPLR 3215[f]). "'In order to successfully oppose a motion for leave to enter a default judgment, a defendant who ha[d] failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate the existence of a potentially meritorious defense to the action'" (Cartessa Aesthetics, LLC v Demko, 217 AD3d 821, 821-822, quoting Maldonado v Mosquera, 186 AD3d 1352, 1353; see Rosenzweig v Gubner, 194 AD3d at 1088; Nowakowski v Stages, 179 AD3d 822, [*2]823; see generally CPLR 5015[a][1]). Generally, a corporation's failure to receive copies of process served upon the Secretary of State due to a breach of its own obligation to keep a current address on file with the Secretary of State does not constitute a reasonable excuse for its delay in appearing or answering the complaint, although "there is no per se rule" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143; see Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d 1214, 1216; Sussman v Jo-Sta Realty Corp., 99 AD3d 787). In determining whether a reasonable excuse was demonstrated, "a court should consider, among other factors, the length of time for which the address had not been kept current" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 143).
Here, in support of its motion for leave to enter a default judgment, the plaintiff submitted proof of service of the summons and complaint, proof of the facts constituting the claim, and FAC's failure to appear or answer the complaint (see Rosenzweig v Gubner, 194 AD3d at 1089; Dupps v Betancourt, 99 AD3d 855). Contrary to FAC's contention and the determination of the Supreme Court, the plaintiff's failure to reject the untimely answer does not constitute a waiver of the issue of the late service and the default. "Once the plaintiff made his motion for leave to enter a default judgment, he made his objection to [FAC's] failure to serve a timely answer, brought that objection to the attention of the parties and the court, and could no longer be 'deemed' to have waived that objection" (Katz v Perl, 22 AD3d 806, 807; see Saminion v 581-583 Realty, LLC, 202 AD3d 844, 846-847; Glanz v Parkway Kosher Caterers, 176 AD3d 686, 687; Bennett v Patel Catskills, LLC, 120 AD3d 458, 459; Hosten v Oladapo, 44 AD3d 1006, 1007).
In opposition, FAC failed to meet its burden of establishing a reasonable excuse (see Cartessa Aesthetics, LLC v Demko, 217 AD3d 821). FAC's failure to file with the Secretary of State the current address of the agent designated to receive service of process on its behalf for a period of at least 10 years, without providing any explanation of its failure, does not constitute a reasonable excuse (see Bookman v 816 Belmont Realty, LLC, 180 AD3d 986, 987-988; Wise v Classon Vil., L.P., 172 AD3d 1444, 1446; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975).
Moreover, FAC failed to establish that denial of the plaintiff's motion was warranted under CPLR 317. "To vacate a default in answering or appearing pursuant to CPLR 317, a defendant must demonstrate that it was served with a summons other than by personal delivery, that it did not receive actual notice of the summons in time to defend, and that it has a meritorious defense" (NYCTL 2015-A Trust v 731 Bergen, LLC, 172 AD3d 1391, 1392; see New York City Economic Dev. Corp. v GCC, LLC, 209 AD3d 661, 662; Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 975). "'[T]here is no necessity for a defendant moving pursuant to CPLR 317 to show a "reasonable excuse" for its delay'" (Bing Fang Qiu v Cameo Owners Corp., 172 AD3d 802, 803, quoting Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141). Here, FAC failed to demonstrate that it did not receive actual notice of the action in time to defend itself. Rather, FAC's submissions in opposition reveal that its principal, the defendant Gavriil (Greg) Khaimov, was served with the summons and complaint at one of the offices of FAC in November 2021 (see New York City Economic Dev. Corp. v GCC, LLC, 209 AD3d at 662).
FAC's remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment against FAC.
DUFFY, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court