Saleh v Hudson 418 Riv. Rd., Ltd. (2024 NY Slip Op 01573)

Saleh v Hudson 418 Riv. Rd., Ltd.

2024 NY Slip Op 01573

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-06700
 (Index No. 526794/19)

[*1]Ebrahim Saleh, etc., appellant, 
v
Hudson 418 River Rd., Ltd., et al., respondents.

Madu, Edozie & Madu, P.C., Bronx, NY (Uche Emelumadu of counsel), for appellant.
Ameri Law Firm, New York, NY (Nima Ameri of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 27, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 5015(a) to vacate so much of an order of the same court dated February 26, 2020, as granted the plaintiff's unopposed motion, among other things, for a preliminary injunction, and denominated as one for leave to reargue the plaintiff's prior unopposed motion, which had been granted in the order dated February 26, 2020, and, upon reargument, in effect, vacated so much of the order dated February 26, 2020, as granted the plaintiff's prior unopposed motion, and thereupon denied the plaintiff's prior unopposed motion, and denied the plaintiff's cross-motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants.
ORDERED that the order dated May 27, 2020, is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were pursuant to CPLR 5015(a) to vacate so much of the order dated February 26, 2020, as granted the plaintiff's unopposed motion, inter alia, for a preliminary injunction, and denominated as one for leave to reargue the plaintiff's prior unopposed motion are denied, and the plaintiff's cross-motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants is granted.
In July 2019, the plaintiff, individually, and derivatively on behalf of Kobas and Salih Realty, Inc. (hereinafter Kobas and Salih Realty), commenced this action against the defendants, alleging, inter alia, causes of action for injunctive and declaratory relief and to recover damages for fraud and conversion arising out of a dispute regarding ownership of certain real property located in Brooklyn (hereinafter the property).
The plaintiff moved, inter alia, for a preliminary injunction restraining and enjoining the defendants during the pendency of the action from taking any action to complete a sale or transfer of 100% of the shares of Kobas and Salih Realty to the defendant Hudson 418 River Rd., Ltd., including exercising ownership and control over Kobas and Salih Realty and/or its assets, including the property. In an order dated December 11, 2019, the Supreme Court, among other things, granted the plaintiff's request for a temporary restraining order pending a hearing on the plaintiff's motion, inter alia, for a preliminary injunction. By order dated February 26, 2020 (hereinafter the February 2020 order), the court, among other things, upon the defendants' counsel's default in appearing for [*2]oral argument, granted the plaintiff's motion.
Thereafter, the defendants moved, inter alia, pursuant to CPLR 5015(a) to vacate so much of the February 2020 order as granted the plaintiff's unopposed motion, among other things, for a preliminary injunction and for what they denominated as for leave to reargue the plaintiff's unopposed motion. The plaintiff opposed the motion and cross-moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendants based on their failure to answer the complaint. In support of the cross-motion, the plaintiff contended, inter alia, that the defendants were served with the summons and complaint, that the defendants informally appeared in the action, but failed to file an answer to the complaint, and that the defendants' time to file an answer had since expired and had not been extended.
In an order dated May 27, 2020, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 5015(a) to vacate so much of the February 2020 order as granted the plaintiff's unopposed motion, among other things, for a preliminary injunction and denominated as one for leave to reargue the plaintiff's unopposed motion and, upon reargument, in effect, vacated so much of the February 2020 order as granted the plaintiff's unopposed motion, and thereupon denied the plaintiff's unopposed motion, and denied the plaintiff's cross-motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must submit evidence in admissible form establishing both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see OneWest Bank, FSB v Singer, 153 AD3d 714, 715-716). A court "has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default" (Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876 [internal quotation marks omitted]; see U.S. Bank, N.A. v Imtiaz, 198 AD3d 1005, 1007). "However, law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect, or where allegations of law office failure are vague, conclusory, and unsubstantiated" (Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595 [citations and internal quotation marks omitted]; see Cantor v Flores, 94 AD3d 936, 937). "[S]uch defaults should not be routinely excused, and mere neglect is not a reasonable excuse" (Gellert v Shannon, 215 AD3d 805, 807).
Contrary to the determination of the Supreme Court, the defendants failed to set forth a reasonable excuse for their default in opposing the plaintiff's motion, inter alia, for a preliminary injunction (see Bank of NY Mellon Trust Co. N.A. v Hsu, 204 AD3d at 876; OneWest Bank, FSB v Singer, 153 AD3d at 716). The defendants' claim of law office failure was vague and contradictory, and did not constitute a reasonable excuse.
Since the defendants failed to establish a reasonable excuse for their default, it is not necessary to determine whether they demonstrated the existence of a potentially meritorious opposition to the plaintiff's motion (see HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 647; 259 Milford, LLC v FV-1, Inc., 211 AD3d 658, 660).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate so much of the February 2020 order as granted the plaintiff's unopposed motion, inter alia, for a preliminary injunction.
Although the defendants' motion was also denominated as one pursuant to CPLR 2221(d) for leave to reargue, since the defendants failed to oppose the plaintiff's motion, there was no opposition to reargue (see Matter of Mission Field Church, Inc., 214 AD3d 982, 983). Accordingly, the Supreme Court also should have denied that branch of the defendants' motion which was denominated as one for leave to reargue their opposition to the plaintiff's motion, inter alia, for a preliminary injunction.
With respect to the plaintiff's cross-motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants, the defendants informally appeared in the action by [*3]opposing the plaintiff's request for a temporary restraining order, by sending several letters to the Supreme Court requesting to reschedule oral argument of the plaintiff's motion, inter alia, for a preliminary injunction, and by moving to vacate their default in appearing for oral argument and purportedly for leave to reargue (see Travelon, Inc. v Maekitan, 215 AD3d 710, 712; JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 686-687). Since the defendants did not serve and file an answer within 20 days of their informal appearance or move pursuant to CPLR 3211 to dismiss the complaint, and the plaintiff submitted proof of facts to enable the court to determine that a viable cause of action exists and proof of the defendants' default in appearing for oral argument of the motion, among other things, for a preliminary injunction, the court should have granted the plaintiff's cross-motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants (see Travelon, Inc. v Maekitan, 215 AD3d at 713-714; Biskra, Inc. v U.S. Bank N.A., 197 AD3d 688, 689; Glanz v Parkway Kosher Caterers, 176 AD3d 686, 687).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court